# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TYLER DIVISION

| | |
|---|---|
| MARCUS REESE,<br>    Plaintiff § § § | |
| VS. § § | CIVIL NO. 6:22-cv-299<br>JURY DEMANDED |
| MCWANE, INC., § §<br>    Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff, Marcus Reese hereby files this, his Original Complaint, against Defendant, McWane, Inc. for violating federal law. The causes of action and summary of claims relating thereto are addressed below:

### I.   PARTIES, JURISDICTION AND VENUE

1. Plaintiff Marcus Reese ("Plaintiff" or "Reese") is currently a citizen and resident of Tyler, Texas.

2. Defendant, McWane, Inc. is a foreign corporation licensed to do business in the state of Texas doing business as Tyler Pipe Industries with its principal place of business at Highway 69 North, Tyler, Smith County, Texas. Defendant may be served by delivering a copy of this petition to its registered agent for service, CT Corporation System, 1999 Bryan St., Ste. 900, Dallas, Texas 75201-3136.

3. This court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §§1331 & 1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. All of the acts alleged herein occurred in the Eastern District of Texas.

### II.   FACTUAL BACKGROUND

5. Plaintiff was employed by Defendant as a grinder at Tyler Pipe plant in Tyler, Smith

County, Texas at the time of his termination on or about May 9, 2022.

6. Prior to Plaintiff's termination by Defendant, he had worked for Defendant for more than twelve (12) months, and for more than 1,250 hours during that twelve-month period.

7. Defendant has employed, and continues to employ, fifty or more persons at, or within a seventy-five (75) mile radius of, the location where Plaintiff worked.

8. Plaintiff had not taken twelve (12) weeks of off work for a serious health condition of diabetes, or otherwise, during the twelve-month period prior to (a) the onset of his serious health condition, or (b) the time of his termination.

9. Tyler Pipe utilizes a point system for absences and tardiness. On Friday, April 29, 2022, Plaintiff suffered a chemical reaction due to dust coming in his protective helmet. Plaintiff's helmet was defective and allowed the dust to come into contact with his face. Plaintiff reported the incident to his supervisor but was not taken to the infirmary.

10. On Sunday, May 1, 2022, Plaintiff's condition worsened. When he reported to work on Monday, May 2, 2022, Plaintiff reported the situation to his supervisor, Chris Johnson who advised him to take vacation to get treatment for the reaction. Brent Smith signed off on Plaintiff's vacation paperwork. Plaintiff clearly communicated to Johnson and Smith that his condition was due to the chemical exposure which he suffered on April 29, 2022. Neither Johnson nor Smith referred Plaintiff to the Tyler Pipe infirmary or reported the exposure as a workers compensation injury.

11. Plaintiff was forced to miss the remainder of the workweek (five days) as a result of the chemical exposure. On Saturday, May 7, 2022, Plaintiff went to Hospitality ER in Tyler and was given a doctor's note taking him off work until the next Friday.

12. On Monday, May 9, 2022, Plaintiff took the doctor's note to Tyler Pipe and he was

told by Frieda Wilson in HR was Faye Pettigrew, head of HR was firing him for 'pointing out.'

13. Tyler Pipe assessed points against Plaintiff for these absences in violation of the Family Medical Leave Act. Plaintiff was terminated on or about May 9, 2022 for violation of Tyler Pipe's attendance policy. Had the points assessed against Plaintiff been removed in accordance with the FMLA, Plaintiff would not have been terminated.

### III. CAUSE OF ACTION

#### A. FAMILY MEDICAL LEAVE ACT VIOLATION

14. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 13 as if fully stated herein.

15. Plaintiff has satisfied all jurisdictional prerequisites in connection with his claim under the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et. seq*.

16. Defendant is an "employer" as defined by the FMLA in 29 U.S.C. § 2611(4).

17. During the time that Plaintiff was employed by Defendant, he was an "eligible employee" as defined by the FMLA in 29 U.S.C. § 2611(2).

18. While Plaintiff was employed by Defendant, Plaintiff had an illness that can be defined as a "serious health condition" under the FMLA.

19. Plaintiff was entitled to medical leave for his serious health condition as provided for in the FMLA.

20. Prior to exhausting the twelve (12) weeks of medical leave allowed under the FMLA (as discussed in 29 U.S.C. § 2612(a)(1)), Defendant terminated Plaintiff's employment for taking leave related to his serious health condition.

21. Defendant terminated Plaintiff's employment for the time he was forced to take off work to care for his serious health condition, which violates the protections of the FMLA.

22. As a result of Defendant's violations of the FMLA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), in an amount that has not yet been fully established, but which will be provided at time of trial.

23. As a result of this willful violation of the FMLA, Plaintiff requests that he be awarded all damages, to which he is entitled, as outlined in 29 U.S.C. § 2617, including, but not limited to, lost wages, salary, employee benefits, and any other compensation denied or lost as a result of the violation, plus interest. In addition, Plaintiff requests liquidated damages equal to the amount of reimbursable compensation described above. Plaintiff also requests any additional equitable relief to which he is entitled.

24. Plaintiff also requests reasonable attorney's fees and court costs.

### B. TEXAS LABOR CODE §451

25. Plaintiff would show that Defendant discharged him on or about May 9, 2022 and discriminated against him in violation of § 451.001 of the Texas Labor Code because he reported a workplace injury in good faith. Plaintiff would show that Defendant would not have terminated his employment when it did, had Plaintiff not engaged in an activity protected under § 451.001 of the Texas Labor Code.

### IV. DAMAGES

26. Plaintiff is entitled to recover the earnings and benefits lost in the past from the date of termination up until the present. Plaintiff is also entitled to recover the earnings and benefits that in reasonable probability will be lost in the future.

27. Defendant's conduct toward Plaintiff caused emotional pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses, for which Plaintiff seeks past and future compensatory damages.

28. Pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), Plaintiff further seeks liquidated damages in an amount equal to wages, salary, employment benefits, or other compensation lost by Plaintiff and described in §IV, supra.

29. Additionally, Plaintiff's harm was a result of the Defendant's actual malice, e.g., ill will, spite, evil motive, or purpose to injure another, thus Plaintiff seeks exemplary damages.

## V.  JURY DEMAND

Plaintiff requests trial by jury on all claims.

## VI.  PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for Plaintiff's actual damages, including lost wages and benefits (both back pay and front pay), amount to be determined;

b. Judgment against Defendant for liquidated damages for the maximum amount allowed by law, including doubling of all back pay awarded;

c. Judgment against Defendant for compensatory damages due to its violation of Texas Labor Code section 451;

d. An order that Defendant take such other and further actions as may be necessary to redress Defendant's violation of the FMLA;

e. Judgment against Defendant for punitive damages due to its intentional and malicious conduct in violation of Texas Labor Code section 451;

f. Pre-judgment and post-judgment interest at the maximum amount allowed by law;

g. Costs of suit, including attorney's fees;

h. The award of such other and further relief, both at law and in equity, including injunctive relief and reinstatement, to which Plaintiff may be justly entitled.

Respectfully submitted,

/s/ *William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
Hommel Law Firm PC
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone and Facsimile

ATTORNEY FOR PLAINTIFF